UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barry Leonard Brown, ) | C/A No. 4:16-cv-02556-BHH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Scotty L. Dangerfield; | |
| Florence County Sheriff's Office; | |
| Florence County Detention Center, | |
| Wells Fargo Bank, | |
| Defendants. | |

 This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I. Factual Background

 Barry Leonard Brown ("Plaintiff") is an inmate at Kirkland Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint now under review, Plaintiff alleges that he was subjected to harsh interrogations, mail tampering, and medical indifference by Defendant Dangerfield during pretrial detention in the Florence County Detention Center ("FCDC") from November 2009 through early March 2010. Compl. 3-4, ECF No. 1. Plaintiff also alleges that Defendant Dangerfield's actions led to a "false confession" to

the criminal charges as to which he pleaded guilty on March 5, 2010.[1] *Id*. at 4. Plaintiff names three additional Defendants, but the Complaint does not contain specific allegations of wrongdoing against any of them. Plaintiff requests this court to award him monetary damages and to order him released from prison. *Id*. at 6.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint

---

[1] The date of the guilty plea is shown in publicly available records. http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21001&Casenum=K389914&CaseType=C (last consulted July 22, 2016).

filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

The Florence County Sheriff's Department ("FCSD") is entitled to summary dismissal from this case because of Eleventh Amendment immunity. Article V, § 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, Sheriff's Departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y. Gen'l. Op. No. 47 (Jan. 22, 1975). Also, under S.C. Code Ann. § 23-13-10, only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department and the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: "Sheriff Brown is an arm of the State."); *Allen v. Fidelity & Deposit Co.*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981). Indeed, if any damages were to be awarded to Plaintiff in this case, such damages would be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances further support the determination that South Carolina Sheriffs' Departments are state agencies.

As a state agency, the Florence County Sheriff's Department is immune from suit in federal court under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South

Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *see also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99 & n.9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. S.C. Code Ann. § 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities"). C*f*. *Pennhurs*t, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Also, the Complaint is subject to summary dismissal as to Defendant FCDC because it is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." To state a plausible claim for relief under 42 U.S.C. §

4

1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). FCDC is a building or group of buildings. It is not a person and it cannot be held liable under § 1983; therefore, it is not a proper Defendant in this case and the Complaint should be summarily dismissed to the extent that it seeks damages or other relief from this Defendant.

The Complaint is also subject to summary dismissal as to Defendant Wells Fargo Bank because, following a careful review, there are no allegations of wrongdoing by this Defendant

---

[2] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a South Carolina county detention center are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

contained in the Complaint. Under 28 U.S.C. § 1915(e)(2)(B) this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by Defendant Wells Fargo Bank, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this Defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n.2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against Wells Fargo Bank there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against it. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

With respect to the only remaining Defendant, Scotty Dangerfield, insofar as his treatment of Plaintiff at FCDC such as medical indifference or indifference to inmate safety is concerned, it appears from the face of Plaintiff's pleading that this action is subject to summary dismissal because, giving Plaintiff the full benefit of available inferences, the applicable statute of limitations on any § 1983 claim Plaintiff might have had a result of his confinement at FCDC

6

ran three years from the time he was transferred from FCDC custody into SCDC custody. In civil rights cases filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury (and, thus, § 1983) causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D. N.C. 1985); *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d at 74, authorizes a district court to anticipate clearly apparent affirmative defenses available to Defendants in determining under § 1915 whether process should be issued against Defendants. *Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing *Todd v. Baskerville* and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D. W. Va. 1984) ("Although some of the matters discussed constitute affirmative defenses, . . . where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.").

Any conditions of confinement claims that Plaintiff might have had as a result of his detention in FCDC are barred by the applicable statute of limitations because any problems he might have been experiencing necessarily ended when he was transferred out of FCDC custody. According to SCDC's publicly available records, Plaintiff was admitted to SCDC custody on

7

March 8, 2010. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted July 22, 2016). Thus, Plaintiff had until March 8, 2013 to file a timely conditions-of-confinement claim. This 2016 case was filed over three years too late.

Finally, the Complaint is also subject to summary dismissal to the extent that it seeks to hold Defendant Dangerfield liable for actions allegedly leading to a false confession and improper convictions and to the extent Plaintiff seeks release from prison because Plaintiff's Florence County convictions have not been overturned. This portion of Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

---

[3] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

8

Here, Plaintiff's claims of involuntary confession and coercion, if true, would imply the invalidity of his convictions. As such, they are barred by *Heck* until such time as the convictions are overturned.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 1, 2016                                                                          Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).