IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barry Leonard Brown, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Scotty L. Dangerfield; )<br>Florence County Sheriff's Office; )<br>Florence County Detention Center; )<br>Wells Fargo Bank; )<br>)<br>Defendants. )<br>_____) | Civil Action No. 4:16-2556-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Barry Leonard Brown's ("Plaintiff") pro se complaint, which was filed on July 13, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff currently is an inmate at Kirkland Correctional Institution, part of the South Carolina Department of Corrections, but in his complaint he alleges that Defendant Scotty L. Dangerfield ("Dangerfield") subjected him to harsh interrogations, tampered with his mail, and was deliberately indifferent to his medical needs while he was a pretrial detainee in the Florence County Detention Center from November of 2009 through March of 2010.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On August 1, 2016, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss the action without prejudice. Specifically, the Magistrate Judge determined that Defendant Florence County Sheriff's Department is immune from suit pursuant to the Eleventh Amendment; that Defendant Florence County Detention Center is not a "person"

amenable to suit under § 1983; and that Defendant Wells Fargo Bank is subject to summary dismissal because the complaint contains no allegations of wrongdoing against this Defendant. In addition, with respect to Plaintiff's claims against Defendant Dangerfield, the Magistrate Judge determined that the applicable statute of limitations for any § 1983 claims Plaintiff may have had as a result of his confinement at the Florence County Detention Center expired in March of 2013, three years after Plaintiff was transferred from the Florence County Detention Center in March of 2010. Lastly, the Magistrate Judge also determined that Plaintiff's claims against Defendant Dangerfield are subject to summary dismissal to the extent Plaintiff seeks to hold Dangerfield liable for Plaintiff's alleged improper conviction, as Plaintiff has not shown that his conviction or sentence has been overturned on direct appeal or otherwise been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff filed written objections to the Magistrate Judge's Report on August 10, 2016. Importantly, however, nowhere in his objections does Plaintiff respond to any of the Magistrate Judge's findings and recommendations. Instead, Plaintiff asserts that he is indigent and suicidal, and he claims to be innocent of the crime for which he is in custody. Plaintiff also filed a number of letters following the issuance of the Magistrate Judge's Report; again, however, nowhere in his letters does Plaintiff object to the Magistrate Judge's findings and recommendations. Instead Plaintiff makes various threats of suicide and threatens the life of Defendant Dangerfield.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review, and in the absence of specific objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards.  First, as the Magistrate Judge determined, Defendant Florence County Sheriff's Department is entitled to Eleventh Amendment immunity, as it is well-established in South Carolina that a sheriff's office is an agency of the state, such that a suit against a sheriff's office is a suit against the State.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted).  Next, the Court agrees with the Magistrate Judge that Defendant Florence County Detention Center is not a "person" amenable to suit under 42 U.S.C. § 1983.  Moreover, because Plaintiff's complaint fails to allege any wrongdoing on the part of Defendant Wells Fargo Bank, the Court agrees with the Magistrate Judge that this Defendant is entitled to summary dismissal.  In addition to the foregoing, the Court finds that Plaintiff's § 1983 claims arising from Plaintiff's pretrial detainment at the Florence County Detention Center are barred by the three-year statute of limitations, as Plaintiff was transferred from pretrial

detainment in March of 2010 but did not file this suit until July of 2016. Lastly, the Court agrees with the Magistrate Judge that to the extent Plaintiff seeks damages for alleged harm that would render his conviction or sentence invalid, his claims are barred because Plaintiff has not shown that his conviction or sentence has been reverse on direct appeal or otherwise declared invalid. *Heck*, 512 U.S. at 486-87.

Accordingly, based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 10); overrules Plaintiff's objections (ECF No. 12); and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 31, 2016
Charleston, South Carolina